UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ESTATE OF ROBERTO RIVERA GAMEZ, ET AL., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. V-05-60 |
| TYRONE WILLIAMS, ET AL., | § § § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is Defendants Salem Truck Leasing and Great Dane Trailers Inc.'s Motion for Leave to Designate Responsible Third Parties (Dkt. #33). After considering the motion and the applicable provisions of the Texas Civil Practice and Remedies Code, the Court is of the opinion that the motion should be granted in part with respect to the named designees and denied in part with respect to the unknown designees.

Defendants' filed their motion on October 16, 2006, seeking leave to designate certain named and unknown third parties as "responsible third parties" pursuant to § 33.004 of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 33.004 (West 2006). Section 33.004 provides, in relevant part, as follows:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.

. . . .

(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the motion is served.

. . . .

(j) Notwithstanding any other provision of this section, if, not later than 60 days after the filing of the defendant's original answer, the defendant alleges in an answer filed with the court that an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit, the court shall grant a motion for leave to designate the unknown person as a responsible third party if:

    (1)    the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal;

    (2)    the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and

    (3)    the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure.

*Id.* at § 33.004(a), (f), (j).

Trial in this case is set for August 2008 (Dkt. No. 32). Accordingly, pursuant to § 33.004(a), Defendants' motion with respect to the named third party designees is timely. Moreover, by operation of § 33.004(f), Plaintiffs' failure to object obviates the need for the Court to determine whether Defendants have established the elements set forth in § 33.004(g).

However, the Court reads § 33.004(j) as providing a distinct procedure for designating unknown responsible third parties. According to that subsection, the designating party must - as a prerequisite - allege that the unknown third parties are criminally responsible in a separate answer filed within sixty days of the original answer. Great Dane answered on October 7, 2005 (Dkt. No. 10); Salem answered on June 14, 2006 (Dkt. No. 22). Neither party appears to have filed the separate answer required by § 33.004(j) within sixty days of their respective answers. In fact, neither party filed a separate answer at all that attempted to comply with 33.004(j).

It is not enough, therefore, for the movants here to merely comply with the requirements of § 33.004(a) in order to designate the unknown third parties. The procedure set forth in § 33.004(a)

is applicable by its terms only to named third parties. The sole avenue for designating unknown third parties is set forth in § 33.004(j). In this Court's view, any other reading of § 33.004 - for instance, reading the time limits set forth in subsection (a) to apply to both named and unknown third parties - would render subsection (j) superfluous. The only appellate court in Texas that appears to have considered this issue reached the same conclusion. *See In re Unitec Elevator Services Co.*, 178 S.W.3d 53, 61 (Tex. App.—Houston [1st Dist.] 2005) (orig. proceeding) ("We find that the statute clearly and unambiguously requires a defendant seeking to designate an unknown person as a responsible third party ... to file an answer containing such allegations no later than sixty days from filing its original answer.").

Accordingly, it is hereby **ORDERED** that Defendants' motion shall be, and hereby is, **GRANTED** in part with respect to those third parties specifically listed by name in the first paragraph of Defendants' motion and **DENIED** in part with respect to all other third parties.

It is so **ORDERED**.

**SIGNED** this 23rd day of July, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE